# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LISA M. REHBURG,

    Plaintiff,

    v.                                                               No. 1:18-cv-531 KWR/JHR

BOB HUBBARD HORSE TRANSPORTATION, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
## PURSUANT TO §1404(a)

THIS MATTER comes before the Court upon Defendant's Motion to Transfer Venue, filed September 11, 2019 **(Doc. 82)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and shall be **GRANTED**.

## BACKGROUND

Plaintiff alleges that her horse was injured while being unloaded from a horse trailer. Plaintiff filed her complaint on May 18, 2018 in the Third Judicial District Court in Dona Ana County, New Mexico against the carrier, Defendant Bob Hubbard Horse Transportation, Inc. In her Amended Complaint, she alleges that Defendant is liable under the Carmack Amendment pursuant to 49 USCA § 14706(a). Specifically, she alleges that Defendant is liable for actual loss or injury caused by the delivery carrier under a lawful bill of lading. **Doc. 51, p. 3.**

Plaintiff hired Defendant, a horse transportation carrier, to transport her racehorse Full Regalia from Del Mar, California, to Double LL Farm, located in Bosque, New Mexico. Defendant picked up Full Regalia on or around August 9, 2016. The horse arrived at Double LL

Farms on or around August 10, 2016. As the horse was unloaded from the second level of Defendant's trailer, it sustained an injury to its ankle which required surgical treatment.

Defendant seeks to change venue pursuant to 28 U.S.C. §1404(a) from this Court to the United States District Court for the Central District of California, for the convenience of parties and witnesses, and in the interest of justice.

Plaintiff filed a Motion to Amend Complaint, seeking to add Double LL Farms, LLC as a defendant. **Doc. 73.** She believes that Defendant Bob Hubbard Horse Transportation will attempt to shift liability to Double LL Farms at trial. The Court denied the motion, noting that Plaintiff was on notice of Double LL Farms' potential liability, failed to timely bring her claims against Double LL Farms, and failed to provide an adequate reason for not doing so. **Doc. 102.**

## LEGAL STANDARD

The venue statute states that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. §1404(a). Defendant bears the burden of establishing that the existing forum here in New Mexico is inconvenient. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010) ("*Bartile Roofs"*). Courts have broad discretion to adjudicate motions to transfer, and should decide motions to transfer on a case-by-case basis. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515, 1516 (10th Cir. 1991). Based on its language, an analysis under §1404(a) requires consideration on three fronts:

(1) whether the case could have been brought in the other district or division;

(2) whether discretionary factors weigh in favor of transfer based on the convenience of parties and witnesses; and

(3) whether transfer is in the interest of justice.

*Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *4 (D.N.M. June 3, 2015).

## DISCUSSION

I. <u>**Venue is Proper in the Central District of California**</u>.

The only limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a) is the requirement that the new forum be a "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). Generally, where the case "might have been brought" is determined by 28 U.S.C. § 1391(e)(1), which provides that, in suits against agencies of the United States, venue is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides" *Id*. A person's place of residence under §1391(c)(1) is defined as the district in which the person is domiciled, and an entity's residence is defined in §1391(c)(2) as its "principle place of business."

Plaintiff does not contest that this action could have been brought in the Central District of California. Venue is proper in Central District of California under the Carmack Amendment, 49 U.S.C. § 14706(d)(1). Both Plaintiff and Defendant are residents of the Central District of California. Moreover, a substantial part of the events occurred in the Central District of California. Therefore, this case could have been brought in the Central District of California.

II. <u>**Discretionary Factors**</u>.

Courts consider the following discretionary factors when evaluating the convenience of parties and witnesses:

(1) the plaintiff's choice of forum;

(2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;
(3) the cost of making the necessary proof;
(4) questions as to the enforceability of a judgment if one is obtained;
(5) relative advantages and obstacles to a fair trial;
(6) difficulties that may arise from congested dockets;
(7) the possibility of the existence of questions arising in the area of conflict of laws;
(8) the advantage of having a local court determine questions of local law; and
(9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Bartile Roofs, Inc.*, 618 F.3d at 1167 (citing *Chrysler*, 928 F.2d at 1516)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992), *quoted in Bartile Roofs, Inc.* "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

    A.    **<u>Plaintiffs' Choice of Forum</u>.**

The Plaintiff's choice of forum under these circumstances is not entitled to much, if any, deference and does not weigh toward denying transfer. Generally, a plaintiff's choice of forum is accorded considerable deference and weighs toward denying transfer. *Piper Aircraft Company v Reyno*, 454 U.S. 235, 241-242 (1981). Here, however, Plaintiff is a resident of the Central District of California. When a plaintiff's choice is not her home forum, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is then "less reasonable." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–256 (less deference is warranted where the chosen forum is not plaintiff's home forum); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423, (2007) (same). Therefore, Plaintiff's selection of forum carries much less deference here. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) ("The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district.").

4

Moreover, Plaintiff initially filed her complaint in New Mexico state court, and Defendant removed the case to federal court. Therefore, Plaintiff's choice of forum was *state* court. The Court finds that removal from state to federal court diminishes the presumptive effect of Plaintiff's choice of forum. *Improvita Health Products, Inc. v. F & F Foods, Inc.,* 2007 WL 1577789, at *3 (N.D. Ohio, May 31, 2007) (plaintiff's choice of forum loses presumptive effect on removal to federal court); *Len Tran, Inc. v. Cal–Sungold, Inc.,* 2008 WL 2025287, at *3 (M.D. Fla., May 9, 2008) (same).

Therefore, the Court concludes that Plaintiff's choice of forum is entitled to significantly less deference here and this factor does not weigh toward denying transfer.

### B. **Convenience to parties and witnesses.**

Section 1404(a) requires that the court analyze whether transferring the case would result in greater convenience to the parties and witnesses. The Court concludes that transferring this case would do so.

Initially, the Court notes that the parties reside in California. Plaintiff partially based her opposition to transfer on her desire to add a New Mexico defendant to this case. However, the Court denied Plaintiff's second motion to amend her complaint. **Doc. 102.**

"The convenience of witnesses is the most important factor in deciding a motion under 1404(a)." *Emplrs Mut. Cas. Co. v. Bartile* Roofs, Inc., 618 F.3d 1153, 1169 (10th Cir. 2010). The movant must "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial… that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* Defendant carried this burden in extensive detail. **Doc. 82, p. 12-18.**

5

"The materiality of the prospective witnesses' testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed." *Bartile Roofs*, 618 F.3d at 1169. For a Carmack Amendment claim, "the shipper establishes a *prima facie* case against either the initial carrier or the delivering carrier by proving: (1) delivery of the property to the carrier in good condition; (2) arrival of the property at the destination in damaged or diminished condition; and (3) the amount of its damages. The burden then shifts to the carrier to demonstrate both that it was not negligent *and* that the damage was caused by an event excepted at common law." *Mercer Transp. Co. v. Greentree Transp. Co.*, 341 F.3d 1192, 1196 (10th Cir. 2003).

The Court finds that the majority of the witnesses who can testify or provide evidence on the elements of this claim are in the Central District of California or are in other states where it is cheaper and easier to fly to California than Albuquerque. The Court summarizes Defendant's proof, **Doc. 82, p. 12-18**, as follows:

- The witnesses who will testify on whether the horse was delivered in good condition are in California or otherwise not located in New Mexico. This includes veterinarians Dr. Melinda Blue and Dr. April Mauro; Jim Cassidy, Plaintiff's horse trainer; Plaintiff and her husband; a representative from the California Thoroughbred Breeders Association; and Matt Williams.
- As to whether the horse was damaged in New Mexico, the following witnesses live in California or outside New Mexico: David Wilson and David Kozak.

Moreover, the bill of lading may limit alleged damages owed to Plaintiff. This bill of lading was issued in California. Most of these witnesses are in California, including David Wilson and Marionel Garcia-Salazar; Dr. Melinda Blue and Dr. April Mauro; Carl Allen Severinsen; Jim Cassidy; tom Hubbard; Sally Wollinzier; Matt Williams; and Kathleen Billman.

Defendant argues that many of the witnesses are not currently in Plaintiff's or Defendant's employ and would be hesitant to fly to New Mexico, and are outside this District's compulsory process.

Plaintiff has identified several witnesses who live in New Mexico, including three veterinarians who treated Full Regalia after the injury. *See* **Doc. 85, ¶ 6.** Plaintiff has not argued that witnesses in New Mexico would be unwilling to come to California.

Finally, the Court acknowledges that Plaintiff's counsel resides in New Mexico. However, the location of counsel is the least important of the factors to be considered when assessing a motion to transfer venue. *Dupre v. Spanier Marine Corp.*, 810 F. Supp. at 826 ("The Court concurs with legion other courts that of the factors listed location of counsel is entitled to the least consideration").

Therefore, the Court finds that this factor weighs significantly in favor of transferring this action to the Central District of California.

### C. Cost of Making Necessary Proof.

The cost of making necessary proof weighs toward transfer. Most of the witnesses appear to be in California or outside New Mexico. Defendant has eight witnesses that would need to travel from California to New Mexico and would cost Defendant significantly. Several other witnesses live outside California and New Mexico. Plaintiff and some of her witnesses are also located in California, or outside New Mexico. The Court finds that it is generally cheaper and easier to travel to California than Albuquerque.

### D. Court Docket Congestion.

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending

cases per judge, and average weighted filings per judge." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). The Court looks to publicly available statistics on the uscourts.gov website (last accessed February 6, 2020). The median time for disposition of a civil case in the Central District of California as of June 30, 2019 is five months while the median time in New Mexico is over ten months. As of September 2019, the median time from filing to trial in civil cases in New Mexico is 29.6 months, while it is 22.1 months in the Central District of California. The total weighted filings per judgeship in the Central District of California is 681, while the weighted filings for New Mexico are 573. However, the total filings per judgeship in New Mexico are 901, while the total filings in the Central District of California is lower at 642. New Mexico has a heavy criminal docket that takes precedence over civil cases, and civil cases take longer to go to trial or terminate than in the Central District of California. Therefore, it appears that this factor weighs in favor of transferring the case.

### E. **Remaining Factors.**

The remaining relevant factors generally weigh toward transfer. Since the parties both reside in California, it would be easier for Plaintiff to enforce a judgment if a judgment were issued in California. Since this case involves a federal question, there is no specific interest in this Court resolving this case. Rather, both parties reside in California and a California court may have greater interest in resolving this case. A "local interest" is not restricted to matters of state law but may include "localized controversies" between residents of the same state. *Balo v. Pason Sys. USA Corp.*, No. CV 16-0091 KG/SMV, 2016 WL 10179314, at *2 (D.N.M. Sept. 20, 2016).

Finally, Plaintiff argues that she would lose her counsel if the case were transferred to California. Plaintiff's counsel has not explained, however, why he could not associate with a local counsel or seek admission *pro hac vice*. Plaintiff has not offered evidence that transfer would

8

financially burden her.  Moreover, Plaintiff has not explained why she would not be able to afford new counsel, given that she is the president of Rehburg Life Insurance Settlement and has owned 75 racehorses.

### III.     Interest of Justice.

The "interest of justice" analysis is a separate element of the transfer analysis that relates to the efficient administration of the court system. *Mann v. Auto. Prot. Corp.*, 777 F. Supp. 2d 1234, 1244 (D.N.M. 2011) (citing *See Van Dusen v. Barrack*, 376 U.S. 612, 626-27 (1964). "This element is concerned with both judicial efficiency and the avoidance of conflict between coordinate courts." *Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *5 (D.N.M. June 3, 2015); *See Cont'l Grain Co.*, 364 U.S. at 26 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Here, transfer of this case will not negatively impact judicial efficiency or cause conflict between coordinate courts.  There are no other pending cases in this district or other district involving the same issues, therefore there will not be any conflict between the court systems. Rather, as explained above, it is in the interest of justice and the efficient administration of the court system for this case to be transferred.

### IV.     Plaintiff's Remaining Arguments are Unavailing.

Plaintiff argues that the motion was filed too late.  Timeliness is not dispositive here.   The Motion to Transfer Venue was filed on September 11, 2019, approximately 15 months after this case was removed to federal court.  "An action may be transferred at any time during the pendency of the case, even after judgment has been entered." *Chrysler Credit Corp v. County Chrysler, Inc.*,

928 F.2d 1509, 1516 (10th Cir. 1991).  However, "a party seeking a change of venue should move with reasonable promptness after the factors favoring convenience transfer become evident."  *El Dorado Chem. Co. v. Air Liquide Indus. U.S. LP*, No. CIV-14-0491-F, 2015 WL 11237486, at *1 (W.D. Okla. Oct. 19, 2015).  Here, the Court finds that Defendant moved with reasonable promptness after the identity of the witnesses became clear.  The Court notes that a motion to amend complaint adding a New Mexico defendant was pending, so it could have also been reasonable for Defendant to delay filing the Motion to Transfer until after the motion to amend was decided.

## CONCLUSION

Balancing the above interests, the Court concludes those interests strongly favor transferring this case to the Central District of California.  The Court finds that, based on an analysis of the discretionary factors and in the interest of justice, this case should be transferred to the Central District of California for the convenience of parties and witnesses.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue (**Doc. 82**) is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA.**



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE